The document below is hereby signed.

Signed: January 05, 2010.



S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re ) | |
| ) | |
| BRANDI S. NAVE, ) | Case No. 09-00651 |
| ) | (Chapter 7) |
| Debtor. ) | |
| _____ ) | |
| ) | |
| KEITH BRITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Adversary Proceeding No. |
| v. ) | 09-10033 |
| ) | |
| BRANDI S. NAVE, ) | Not for Publication in |
| ) | West's Bankruptcy Reporter |
| Defendant. ) | |

MEMORANDUM DECISION AND ORDER MEMORIALIZING
RULINGS MADE AT HEARING OF DECEMBER 15, 2009

On December 15, 2009, the parties appeared for a scheduling conference, and at that conference they addressed the defendant's request that this adversary proceeding (specifically, the

plaintiff's amended complaint) be dismissed.[1]  They argued as well Keith Britt's motion for relief from the automatic stay (pending in the main case), which seeks permission to resume litigation in the Superior Court of the District of Columbia in order to allow that court to adjudicate the damages that Britt contends are nondischargeable.

I

§ 523(a)(2)

At the hearing, Britt (through counsel) made concessions that require dismissal of the request to hold that Britt has a claim that is nondischargeable under § 523(a)(2).  Britt was asked to identify representations made to Britt upon which Britt relied in advancing $24,000 to the debtor that could give rise to a monetary claim that is nondischargeable under § 523(a)(2).  He pointed to representations recited in the debtor's letter submitted to D.C. Bar Counsel *after* Britt advanced the $24,000 to

---

[1]  The initial complaint was filed on September 29, 2009. The defendant filed a motion to dismiss on November 9, 2009, and filed an amended version of that motion one day later on November 10, 2009.  The plaintiff filed an opposition to the motion on November 30, 2009, and on the same date filed an amended complaint.  On December 11, 2009, the debtor timely filed a supplemental motion to dismiss to address the amended complaint.

2

the debtor.[2]

In that letter, the debtor recited certain representations that she alleged that she made to Britt incident to acquiring real property as a joint venture, and that she contended led to the advance by Britt of $24,000. Britt argues that the alleged representations were never actually made, and necessarily could not be true because the debtor had already acquired the property as of the date of the alleged representations. Britt concedes that no joint venture was ever proposed or came into existence. Britt concedes that the complaint treats those false representations as though they had actually been made to Britt, and that the amended complaint premises its claim of nondischargeability under § 523(a)(2) on these assumed-to-have-existed-but-did-not-in-fact-exist representations.

Britt contends that the false statements that the debtor made in her letter to D.C. Bar Counsel were fraudulently made in order to cover up the true reason why Britt advanced $24,000 to the debtor because disclosure of the true reason might have caused Bar Counsel to look unfavorably on the debtor's conduct as

---

[2] The amended complaint incorporated by reference an attached proposed second amended complaint that Britt is seeking to pursue in litigation in the Superior Court for the District of Columbia, and the representations are cited in that attachment. That made it extremely difficult to discern the precise basis upon which Britt was invoking § 523(a)(2), but the oral concessions Britt made through counsel at the hearing on December 15, 2009, allowed me to get to the bottom of what Britt was asserting as a § 523(a)(2) claim.

3

an attorney.  Britt's theory is that if the representations had been made to him regarding a joint venture, they necessarily would have been false and the advancing of $24,000 based on those representations would have been obtained by fraud, thus justifying treating the $24,000 debt as nondischargeable based on what his attorney calls "constructive fraud" (pointing to the fraudulent nature of the letter to Bar Counsel).

This is an *Alice in Wonderland* view of nondischargeabilty under § 523(a)(2).  That provision is addressed to debts for property *actually* obtained by fraudulent representations that are *in reality*, not hypothetically, made to a creditor.  The debtor's debt for the $24,000 advanced by Britt was not actually obtained by a fraudulent representation that was, in reality, made to him.  The debt cannot be rendered nondischargeable by hypothesizing that it would be nondischargeable if the loan had been made for the reason falsely stated by the debtor to have been the reason for making the loan.  Accordingly, the amended complaint will be dismissed to the extent that it seeks relief under § 523(a)(2).

II

§ 523(a)(7)

Britt has been awarded sanctions, and is seeking to recover additional sanctions, against the debtor in litigation in the Superior Court for the District of Columbia, and contends that her claim for such sanctions is nondischargeable under

4

§ 523(a)(7). Because such sanctions would not be "payable to . . . a governmental unit," as required for § 523(a)(7) to apply, Britt has not stated a valid claim of nondischargeability under that provision.

### III

### § 727(a)

With respect to the claim for an outright denial of a discharge of any debts pursuant to 11 U.S.C. § 727(a), the amended complaint alleges in relevant part that:

> 15. Moreover, Debtor's bankruptcy petition incredulously contains mis-statements and potential concealment.
> 16. Furthermore, during Britt's examination of Debtor during the Section 341-Meeting, Debtor may have intentionally made misleading statements.

None of these allegations suffices to state a claim for denial of discharge under § 727(a).

Not all misstatements or concealments contained within a petition give rise to a denial of discharge under § 727(a)(4)(A) for making "a false oath or account." The misstatements or concealments within the petition must be made "knowingly and fraudulently." There is no allegation that any of the unidentified misstatements or concealments were made "knowingly and fraudulently." Moreover, an allegation that the petition contains "potential concealment" is not an allegation that the petition contained a concealment.

The allegation that the debtor *may have* made misleading

statements at the meeting of creditors similarly is not an allegation that the debtor made misleading statements. Moreover, once again, there is no allegation that the misleading statements, if any were in fact made, were made fraudulently: not all misleading statements, even if made intentionally, are made fraudulently.

## IV

## § 523(a)(6)

Britt contends that his claims for sanctions in the Superior Court are nondischargeable under § 523(a)(6), and contends that the following allegations of the amended complaint establish nondischargeability of those claims under § 523(a)(6):

> 9. Moreover, at all times relevant, Debtor willfully and maliciously engaged in conduct that caused financial injury by the Debtor to Britt where Debtor had a subjective motive to inflict the injury or that Debtor believed that injury was substantially certain to occur as a result of her conduct.
> 10. Furthermore, Debtor has been sanctioned by the Superior Court in the Litigation, and was facing further sanctions, now stayed, due to her bad-faith conduct in discovery. *See supra* ¶4 [incorporating by reference certain parts of the second amended complaint Britt seeks to pursue in the Superior Court].
> 11. Additionally, Debtor (and her former counsel) may be subject to Rule 11 sanctions and other types of sanctions afforded under D.C. law for litigating in bad faith. *See, e.g.*, BRITT'S MOT. RELIEF AUTO. STAY at ¶9 at 5.

Britt contends that litigation sanctions are, as a matter of law, nondischargeable under § 523(a)(6) if the attorney's fees and costs occasioned by sanctionable misconduct were an injury

6

inflicted willfully and maliciously.[3] Although Britt briefed this issue, the debtor did not. Nevertheless, I will defer ruling on the issue. Britt does not allege that all of the debtor's conduct was willful and malicious, and instead vaguely contends that the debtor was continually engaged in willful and malicious conduct. Britt's incorporation of allegations from other papers and his failure to specifically identify the misconduct that he contends was a willful and malicious infliction of injury to Britt has frustrated the debtor's and the court's evaluation of Britt's claims under § 523(a)(6).

Before the debtor will be required to respond to the § 523(a)(6) claims, and before the court decides whether a valid § 523(a)(6) claim has been stated, Britt must file a second amended complaint that, first, is cleared of the claims that are being dismissed by this order, and that, second, does not make allegations that incorporate allegations from some other document. Britt should set forth in that second amended complaint the precise acts that he contends gave rise to a debt "for willful and malicious injury by the debtor to [Britt] or to the property of [Britt]" as required for § 523(a)(6) to apply.

---

[3] To the extent the debtor contends that the § 523(a)(6) claims are time-barred, that issue was not addressed at the hearing and remains a live issue.

7

V

CONCLUSION

In accordance with the foregoing, it is

ORDERED that as to Britt's claims under § 523(a)(2), § 523(a)(7), and § 727(a), the amended complaint is DISMISSED. It is further

ORDERED that as to Britt's claims under § 523(a)(6), Britt shall file a second amended complaint by **January 5, 2010.** It is further

ORDERED that **within 14 days** after the filing of the second amended complaint, the debtor shall file either an answer or a motion to dismiss. It is further

ORDERED that on **February 4, 2010, at 10:30 a.m.**, the court will hold a hearing on Britt's motion for relief from the automatic stay and any motion to dismiss that is filed as to the anticipated second amended complaint.

[Signed and dated above.]


Copies to: All counsel of record; Office of United States Trustee.