The document below is hereby signed.

Signed: February 25, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| BRANDI S. NAVE, | ) | Case No. 09-00651 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| KEITH BRITT, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. |
| v. | ) | 09-10033 |
| | ) | |
| BRANDI S. NAVE, | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |
| Defendant. | ) | |

MEMORANDUM DECISION AND ORDER
RE MOTION TO DISMISS SECOND AMENDED COMPLAINT

On February 18, 2010, the court held a hearing on the defendant Nave's motion to dismiss the plaintiff Britt's second amended complaint.

I

Paragraph 23 of the second amended complaint incorporates by reference the allegations of Britt's first amended complaint. The court has already ruled that Britt's claims under §

523(a)(2), § 523(a)(7), and § 727(a) in the first amended complaint must be dismissed, and the second amended complaint, as well, will be dismissed in regard to those claims.  Paragraphs 19 through 21 renew allegations regarding Nave's conduct in the bankruptcy case, and as in the case of the first amended complaint these allegations fail to state a basis for denial of discharge under 11 U.S.C. § 727(a), and, accordingly, they will be dismissed.

In addition, the court directed that the first amended complaint (which in an unwieldly manner incorporated by reference allegations in other documents) be amended so that it more clearly set forth the facts supporting a claim under § 523(a)(6) in a single document.  The allegations in the first amended complaint regarding the claim under § 523(a)(6) that are incorporated by reference into the second amended complaint will be stricken.

II

Britt's § 523(a)(6) claim can survive the motion to dismiss the second amended complaint only to the extent that he alleges facts showing that (1) there was willful injury to Britt, and (2) that the infliction of injury was malicious.

Britt alleges that in litigation in the Superior Court of the District of Columbia "Nave willfully and maliciously engaged in conduct during the Litigation that caused unnecessary

financial injury by Nave against Britt where Nave had a subjective motive to inflict said injury or that Nave believed that said injury was substantially certain to occur as a result of her conduct." Britt then enumerates instances that constituted "intentional, willful, and malicious conduct" by Nave, specifically, instances of alleged acts of an obstructionist character in the litigation, alleged to be "part of Nave's scheme to dilate in the Litigation and to cause Britt to consume as many resources and prosecuting what should have been a very simple case with a trial lasting less than one (1) day." Britt further alleges that Nave's conduct was in bad faith, and "was without just cause or excuse of her conduct."

    Some of the alleged misconduct does not appear to have been wrongful conduct. For example, Nave produced a document that Britt thinks is fraudulent but "when Britt tried to examine the source of the document, Nave successfully challenged Britt's access to the source using Nave's status as an attorney as a shield." How a **successful** invocation of the attorney-client privilege could be wrongful conduct is not explained, and thus the conduct could not be malicious as without just cause or excuse. Accordingly, the allegation of successfully shielding the source of the document will be stricken.

    Similarly, Britt alleges certain other conduct that I doubt gives rise to a claim under District of Columbia law for damages

(that is to say, as Nave argues, is conduct that constitutes a tort).  For example, Britt alleges that Nave failed to pay a monetary sanction as ordered by the Superior Court, and failed to respond to requests for stipulations, and Britt does not explain how that is conduct for which damages can be recovered under District of Columbia law.[1]  But I am lifting automatic stay of 11 U.S.C. § 362(a) to permit Britt's claims based on bad faith conduct in the Superior Court litigation to be litigated in the Superior Court.  It makes sense for that court to address what claims cannot make out a claim for damages under District of Columbia law.

    Nave further contends that some of the alleged misconduct has already been addressed by the Superior Court with that court not making any finding of bad faith.  It makes sense to let the Superior Court decide what issues are barred by its prior rulings.  Moreover, the assertion that a claim of misconduct is barred by a prior Superior Court ruling is an affirmative defense that does not go to whether the complaint, on its face, should be

---

[1] As to failure to pay the sanction award, Britt does not explain how failure to pay a debt can itself give rise to an independent debt, above and beyond the existing debt.  Britt similarly does not point to any D.C. law that would make a failure to make stipulations a basis for recovering damages.  Although formal requests for admission that are unreasonably denied can give rise to an award of attorney's fees under Superior Court Civil Procedure Rule 37(c), that would occur only if the civil action were tried.  Here, the debtor's discharge will bar trial of the civil action.

dismissed.

### III

In her motion to dismiss Britt's second amended complaint, Nave argues, based on *Kawaahau v. Geiger*, 523 U.S. 57 (1998), that § 523(a)(6) only excepts from discharge "physical injuries (assualt/batteries) or for acts such as malicious destruction of property." This, however, reads too much into *Geiger*.

In *Geiger* the court stated:

> The word "willful" in (a)(6) modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead "willful acts that cause injury." Or, Congress might have selected an additional word or words, i.e., "reckless" or "negligent," to modify "injury." Moreover, as the Eighth Circuit observed, the (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend "the consequences of an act," not simply "the act itself." Restatement (Second) of Torts § 8A, Comment a, p. 15 (1964).

*Id.* at 61-62. Although the Court relates (a)(6) to intentional torts, it only does so for the purpose of illustrating that under § 523(a)(6) the debtor must have not only intended the act itself but also the consequences of that act, i.e., the resulting injury. *Geiger* does not stand for the proposition that § 523(a)(6) only excepts from discharge those debts that are the result of injuries stemming from what would be known as

intentional torts under the common law.

Along this line, numerous *post-Geiger courts* have found to be non-dischargeable debts stemming from sanctions awards based on bad faith litigation.  See, *e.g.*, *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 71 (2d Cir. 2006) (affirming a determination of non-dischargeability under § 523(a)(6) of Rule 11 and § 1927 sanctions awarded by a district court judge); *In re Keaty*, 397 F.3d 264, 273 (5th Cir. 2005) (affirming a determination of non-dischargeabilty under § 523(a)(6) of sanctions awarded by a state court for violating the state's version of Fed. R. Civ. Proc. 11); *Hughes v. Arnold*, 393 B.R. 712, 719 (E.D. Cal. 2008) (affirming a determination of non-dischargeability under § 523(a)(6) of a state court award of sanctions for instituting a frivolous suit and rejecting the argument that § 523(a)(6) only excepts from discharge debts arising from intentional torts).

I agree with the reasoning of these cases.  If Britt is awarded sanctions in the Superior Court for Nave's conduct in that litigation and is able to demonstrate that Nave's sanctionable conduct was willful and malicious, then he would be entitled to a determination of non-dischargeability of that award under § 523(a)(6).  The mere fact that a litigation sanctions award is not an intentional tort is no bar to applying (a)(6).

IV

Because I am only lifting the automatic stay to allow Britt to pursue in the Superior Court his sanctions claims that would be found non-dischargeable under § 523(a)(6), it makes sense to set out that standard.

Under § 523(a)(6) a sanctions award is non-dischargeable if the Superior Court finds that the act for which the Superior Court is sanctioning Nave is both willful and malicious. As explained by *Geiger*, willful means "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Geiger*, 523 U.S. at 61. Importantly, "either objective substantial certainty [of injury] or subjective motive [to injure] meets the Supreme Court's definition of willful injury in § 523(a)(6)." *In re Keaty*, 397 F.3d at 270 (5th Cir. 2005) (alterations theirs). Malicious, on the other hand, means "wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill will." *Ball*, 451 F.3d at 69 (quoting *In re Stelluti*, 94 F.3d 84, 87 (2d Cir. 1996)). The Superior Court may imply malice by Nave's acts and conduct "in the context of the surrounding circumstances." *Id*.

Based on these standards, then, the stay is lifted for the Superior Court to adjudicate Britt's sanctions claims only to the extent it finds Nave's actions to be both willful and malicious, as defined above.

V

In accordance with the foregoing, it is

ORDERED that Nave's Motion to Dismiss the Second Amended Complaint is GRANTED to the extent the second amended complaint incorporates Britt's claims under § 523(a)(2), § 523(a)(7), and § 727(a) from the first amended complaint, to the extent the second complaint incorporates only by reference from the first complaint allegations of Nave's violation of § 523(a)(6), to the extent the second complaint asserts allegations regarding Nave's conduct in this bankruptcy case as a basis for denial of discharge under 11 U.S.C. § 727(a), to the extent that Britt asserts allegations stemming from Nave's successfully shielding an allegedly forged document from discovery by invoking the attorney-client privilege, and the motion is otherwise DENIED. It is further

ORDERED that, pursuant to an accompanying order in the main case, the automatic stay is lifted to allow Britt to pursue his litigation sanctions claims in the D.C. Superior court against Nave stemming from that action, but only to the extent the Superior Court determines that Nave's alleged misconduct was both willful and malicious, as those terms are defined in the cases cited above.  It is further

ORDERED that the parties shall each file or jointly file a

report in July 2010, then in October 2010, and then in December 2010 regarding the status of the litigation in the Superior Court.  It is further

ORDERED that once the Superior Court rules, this court will hold a scheduling conference to set a deadline for motions to address whether the Superior Court ruling requires, as a matter of claim preclusion or issue preclusion, a ruling in favor of one of the parties to the adversary proceeding.

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee.