**The document below is hereby signed.**

**Dated: September 15, 2011.**



_____
**S. Martin Teel, Jr.**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                          )
                               )
BRANDI S. NAVE,                )      Case No. 09-00651
                               )      (Chapter 7)
               Debtor.         )
_____)
                               )
KEITH BRITT,                   )
                               )
                               )
               Plaintiff,      )
                               )      Adversary Proceeding No.
          v.                   )      09-10033
                               )
BRANDI S. NAVE,                )      Not for publication in
                               )      West's Bankruptcy Reporter
               Defendant.      )
```

MEMORANDUM DECISION RE PLAINTIFF'S RESPONSE TO ORDER
TO SHOW CAUSE WHY ADVERSARY PROCEEDING OUGHT NOT BE DISMISSED

The plaintiff Britt was allowed to pursue in the Superior

Court his sanctions claims that he was asserting could be found

non-dischargeable under § 523(a)(6).  The Superior Court has

ruled against Britt.  Under the doctrine of *res judicata* (claim

preclusion), the Superior Court's judgment bars Britt's pursuit

of his claim in this court.  Because Britt is deemed not to have

any claim, the doctrine of collateral estoppel (issue

preclusion), which might (or might not) have disposed of the

§ 523(a)(6) question if the Superior Court had ruled instead that

Britt was entitled to a judgment in his favor, does not come into

play as there is no claim as to which to apply that doctrine.

In response to this court's order to show cause why this

adversary proceeding ought not be dismissed based on the Superior

Court ruling, Britt notes that he has taken an appeal from the

Superior Court's ruling.  The law, however, is well established

that a final judgment is entitled to *res judicata* effect even if

an appeal is pending.  If Britt prevails on appeal, he may within

a reasonable time file a motion under Federal Rule of Civil

Procedure 60(b)(5) to vacate the dismissal of this proceeding.[1]

Britt asks that the court stay this proceeding pending the

outcome of his appeal from the Superior Court's ruling, but this

court has no desire to periodically inquire into the status of

Britt's appeal.  Instead, the burden should be on Britt to notify

this court via a timely Rule 60(b)(5) motion in the event his

appeal is successful.  A judgment follows dismissing this

adversary proceeding.

[Signed and dated above.]

Copies to: All counsel of record.

---

[1]  Rule 60(b)(5) provides in relevant part that a court may
relieve a party from a judgment for the reason that "the judgment
. . . is based on an earlier judgment that has been reversed or
vacated . . . ."

R:\Common\TPeiSM\Judge Temp Docs\Britt v Have (In re Have)   Mem Decsn re Response to OTSC Based on Superior Court ruling.wpd