**The document below is hereby signed.**

**Dated: October 22, 2011.**



_____
S. Martin Teel, Jr.
U.S. Bankruptcy Judge

```
            UNITED STATES BANKRUPTCY COURT
             FOR THE DISTRICT OF COLUMBIA
```

| | | |
|---|---|---|
| In re ) | | |
| ) | | |
| BRANDI S. NAVE, ) | Case No. 09-00651 | |
| ) | (Chapter 7) | |
| Debtor. ) | | |
| _____ ) | | |
| ) | | |
| KEITH BRITT, ) | | |
| ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | Adversary Proceeding No. | |
| v. ) | 09-10033 | |
| ) | | |
| BRANDI S. NAVE, ) | Not for Publication in | |
| ) | West's Bankruptcy Reporter | |
| Defendant. ) | | |

<u>MEMORANDUM DECISION AND ORDER RE MOTION FOR CLARIFICATION</u>

In this adversary proceeding, the plaintiff Britt sought a determination, *inter alia*, that sanctions he sought against the defendant Nave in a civil action in the Superior Court of the District of Columbia were nondischargeable under 11 U.S.C. § 523(a)(6) as a claim for "willful and malicious injury." The authority to award sanctions, however, rested in the Superior Court, and it made no sense for this court to address whether a sanction award would be nondischargeable if the Superior Court

ultimately were to decide that sanctions were not warranted.  On the other hand, it would not make sense for the Superior Court to enter a sanctions judgment if the sanctions were based on only a negligently or recklessly inflicted injury without the injury being a "willful and malicious injury" (within the meaning of § 523(a)(6)) as such a judgment would be dischargeable and thus discharged by the debtor's discharge.

On February 24, 2010, I signed a memorandum decision and order laying out the types of findings that, as a matter of law, would be necessary for a sanctions award to be one for "willful and malicious injury" within the meaning of  § 523(a)(6), and permitting litigation to resume in the Superior Court, so that the Superior Court could enter a sanctions award if it found that sanctions were appropriate as a claim for a "willful and malicious injury."   If sanctions were inappropriate, or were only appropriate based on negligent or reckless injury but not "willful and malicious" injury, then the Superior Court would be required to deny the request for sanctions.

The Superior Court found that sanctions were inappropriate and denied the request for sanctions.  Based on the Superior Court's judgment, this court has entered an order dismissing this adversary proceeding, but noting that relief from that order could be sought under Fed. R. Civ. P. 60(b) if the plaintiff were to succeed in obtaining a reversal of the Superior Court's

judgment.  Necessarily, this court contemplated that the plaintiff could pursue an appeal from the Superior Court judgment, and any proceeding resulting from any reversal and remand by the District of Columbia Court of Appeals, without running afoul of any injunction under the Bankruptcy Code.

The plaintiff Britt has now filed a motion for clarification that the court's order of February 24, 2010 (entered on February 25, 2010) permits him to take an appeal of the Superior Court's judgment.  The defendant has opposed that motion, arguing that Britt ought not be allowed to pursue an appeal of an alleged debt that has been determined to be nonexistent and thus dischargeable.  The determination of the existence or non-existence of the alleged debt, however, is governed by nonbankruptcy law, and District of Columbia law contemplates a right of appeal to correct any error the Superior Court may have made in determining that no debt existed.  If the appeal is baseless, the defendant Nave is free to pursue sanctions against Britt in the District of Columbia Court of Appeals.  This court, however, ought not attempt to decide whether the appeal is baseless as that would amount to this court's acting as a court of review when the District of Columbia Court of Appeals is the appropriate court, via an appeal, to act as a court of review.

The automatic stay has terminated regarding pursuit of the plaintiff's claims because of the entry of the debtor's

3

discharge. See 11 U.S.C. § 362(c)(2)(C). The automatic stay has been replaced by the discharge injunction of 11 U.S.C. § 524(a)(2). Although it did not say so, the court's order signed on February 24, 2010, and entered on February 25, 2010, was intended to apply to both the automatic stay (if it were still in place) and the discharge injunction. The court further contemplated that it was allowing as well the pursuit of any appeals and any proceedings on remand. It is thus

ORDERED that the court clarifies and amends its prior order signed February 24, 2010, effective as of the date of its entry on February 25, 2010, as follows. It is

ORDERED that the plaintiff Britt and the defendant Nave are granted leave to pursue in the District of Columbia court system the issuance of findings pertinent to whether the alleged debt at issue here was one for willful and malicious injury within the meaning of 11 U.S.C. § 523(a)(6) as discussed in the Memorandum Decision and Order signed on February 24, 2010, and entered on February 25, 2010. It is further

ORDERED that this order permits entry of a judgment against the defendant Nave if the Superior Court finds that there was such an injury (and the entry of a judgment dismissing the claim for sanctions if it finds that there was no such injury). It is further

ORDERED that this order permits pursuit, with respect to the

claim for sanctions, of any appeals from judgments of the Superior Court and any proceedings on remand.  It is further

ORDERED that with respect to a party's undertaking any act permitted by the foregoing paragraphs, neither the automatic stay of 11 U.S.C. § 362(a) nor the discharge injunction of 11 U.S.C. § 524(a)(2) shall apply.  It is further

ORDERED that should any appeal of the Superior Court's judgment result in that judgment being vacated, the plaintiff may proceed under Fed. R. Civ. P. 60(b), and subject to the limitations applicable to seeking relief under Rule 60(b), to seek relief from this court's judgment dismissing this adversary proceeding.  It is further

ORDERED that if this court's judgment dismissing this adversary proceeding is vacated based on a vacating of the Superior Court's judgment, and the Superior Court enters a new judgment awarding sanctions or declining to award sanctions, then (1) the authority to determine whether the debt is nondischargeable remains vested exclusively in this court, and (2) this court will hold a scheduling conference to set a deadline for motions to address whether the Superior Court's judgment requires, as a matter of claim preclusion or issue preclusion, a ruling in favor of one of the parties to this adversary proceeding.

                                    [Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee.

6